Matthias, J.,
concurring. I concur in the judgment in this case, not upon the ground that the amendment proposed by initiative petition is in conflict with the amendment proposed by the joint resolution of the general assembly, but upon the ground that the initiated amendment, or so-called classification amendment, was not validly submitted, and, therefore, was not legally adopted. Upon the latter proposition I fully concur in the opinion of Judge Johnson.
*189 The relator by this action in mandamus seeks an order of the court requiring the respondent, the secretary of state, to publish as an amendment to the constitution the amendment proposed by the initiative petition, claiming it has been regularly adopted by the electors of the state. If the amendment so proposed was properly submitted and passed, the secretary of state should be ordered to publish that amendment; but if the proposed amendment was not legally passed, because not validly submitted, certainly the secretary of state should not be required to publish it as an amendment to the constitution. Clearly it was not, for the reason that by the manner of submission no opportunity was afforded the voter to vote separately upon the three separate and distinct changes — vital changes — proposed to be made in the constitution: (1) Conferring upon the general assembly complete and absolute power to provide for raising revenue for all purposes, not only state purposes, but local purposes, thus taking from charter cities the power now possessed to levy taxes for local purposes; (2) Authorizing and directing the general assembly to classify the subjects of taxation; and (3) Exempting from taxation only “institutions of purely public charity,” instead of “institutions used exclusively for charitable purposes.” Not only was there no provision made or opportunity afforded to vote separately upon the several changes involved in the proposal, but the voter was in no wise advised that more than one change was proposed to be made.
*190 Section 5019, General Code, requires that each amendment shall be stated on the ballot “in language sufficient to clearly designate it.” The language used to designate this amendment upon the ballot was “That the General Assembly shall classify property for taxation purposes.” The language used does not serve to designate the proposed changes, but only one of them.
The case of the relator is in no wise aided by the provision of Section 1 g, Article II of the Constitution, requiring that “the petition and signatures upon such petitions, so verified, shall be presumed to be in all respects sufficient, unless not later than forty days before the election, it shall be otherwise provided;” nor by the further provision that no amendment so submitted and receiving an affirmative majority shall be held unconstitutional or void on account of the insufficiency of the petition by which such submission was procured. The question presented is not one involving the regularity or sufficiency of the initiative petition. So far as appears it was regular and sufficient in all respects. The failure of the proposition results from the fact that it was not submitted to the electors in the manner and form required, and therefore neither the proposed amendment nor any part thereof was legally adopted. In my opinion there could be no possible justification for an order of the court disregarding a part of the amendment proposed by initiative petition, as suggested upon argument of the case by counsel for the relator, and directing the secre *191 tary of state to publish the remainder thereof as a duly adopted amendment to the constitution.